UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

BROWARD PSYCHOLOGY, P.A.,
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

IBEAT, INC.,

        Defendants.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Broward Psychology, P.A. brings this class action against Defendant iBeat, Inc. d/b/a 100Plus and alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its counsel.

### NATURE OF THE ACTION

1.    This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from 100Plus's knowing and willful transmission of unsolicited fax advertisements marketing a heart monitor without regard for the expense to recipients or recipients' other rights.

2.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct which has resulted in Plaintiff's and the Class's loss of time, invasion of privacy, aggravation, intrusion on seclusion, loss of use of their fax machines, and other costs associated with receiving faxes. Plaintiff also seeks statutory damages of between $500 and $1,500 per violation on behalf of itself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute for which there is federal question jurisdiction.

4. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because Defendant's tortious conduct against Plaintiff was directed to Plaintiff's fax machine in this District.

## PARTIES

5. Plaintiff Broward Psychology, P.A. is a Florida professional association located in Broward County.

6. Defendant iBeat, Inc. d/b/a 100Plus is a Delaware corporation headquartered in San Francisco, California.

## THE TCPA

7. In 1991, Congress enacted the TCPA in response to a growing number of complaints regarding certain telemarketing practices.

8. The TCPA forbids sending unsolicited advertisements for goods or services via facsimile ("Junk Faxes") without the recipients' prior express invitation or permission and to recipients with whom the sender does not have a established business relationship. 47 U.S.C. § 227(b)(1)(C).

9. The TCPA requires that even those fax advertisements being sent to those with whom the advertiser has an established business relationship, include an opt-out notice ("Opt-Out Notice"). *Id.* § 227(b)(2)(D).

10. In order to comply with the TCPA's Opt-Out Notice requirements, each fax advertisement must include all of the following:

    a) clear and conspicuous language on the first page stating that recipients may request that the sender not send any unsolicited advertisements and informing recipients that failure to comply with such a request within the shortest reasonable time, as determined by the FCC, is unlawful;

    b) a toll free phone that the recipient may use to submit a request to cease transmitting fax advertisements to the recipient; and

    c) a facsimile number that a recipient may use to submit a request to cease transmitting fax advertisements to the recipient.

47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4)(iii)-(v).

11. The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

## FACTS

12. Defendant sells wearable heart monitors.

13. Defendant's business model includes marketing those heart monitors through facsimile advertisements.

14. Recipients of Defendant's junk faxes, including Plaintiff, are health care professionals or entities through which such professionals practice that have never consented to receive them and that have no preexisting business relationship with Defendant.

15. Plaintiff is, and at all relevant times has been, a "person" as defined by 47 U.S.C. § 153(39).

16. On July 2, 2019, the Plaintiff received the below fax on its fax machine with a Florida area code fax number. A copy of the fax is attached as Exhibit 1.

17. The fax constitutes an "unsolicited advertisement" because it advertises the commercial availability and quality of the Defendant's goods.

18. The content of the fax is otherwise commercial and generic.

19. The fax does not contain an Opt Out Notice.

20. Plaintiff has never been a customer of the Defendant or had any relationship with the

Defendant.

21. Plaintiff is the owner of the fax machine at which Defendant's unsolicited fax advertisement was received.

22. Defendant's fax advertisement caused Plaintiff actual harm, including the monetary costs associated with receiving faxes, invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

23. Defendant's fax advertisement also inconvenienced Plaintiff and wasted its time.

## CLASS ALLEGATIONS

24. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), on behalf of itself and all others similarly situated.

25. Plaintiff brings this case on behalf of a Class defined as follows:

> All persons and entities to whom: (a) Defendant and/or a third party acting on Defendant's behalf sent one or more faxes (b) advertising Defendant's goods (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

26. <u>Exclusions</u>: Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, Defendant's legal representatives, assignees, and successors, the judges to whom this case is assigned and the immediate family members of all of the foregoing.

27. <u>Numerosity</u>. The Class are so numerous that joinder of all members is impracticable. On information and belief, judging from the generic nature of the fax, each Class has more than 100 members. It will be more efficient for the Court and the parties to resolve these alleged violations of the TCPA in one fell swoop than in hundreds or thousands of individual trials.

28. <u>Commonality</u>. There are many questions of law and fact that have the same answer for all class members and the answers to which will be determinative of the outcome of

the litigation. That is no surprise, given the generic nature and content of the fax. The common questions include:

>Who sent the faxes?
>
>Did Defendant send the faxes in order to make sales?
>
>Did the faxes contain a compliant Opt-Out Notice?
>
>Did Defendant have a practice of obtaining consent before sending facsimile advertisements?
>
>Did the faxes violate the TCPA?
>
>Were Defendant's violations knowing or willful?
>
>Should Defendant be enjoined from sending unsolicited facsimile advertisements?

29. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and the claims of the Class arise from identical or similar boilerplate faxes and are based on the same provisions of the TCPA.

30. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed Class.

31. <u>Predominance</u>. Defendant has engaged in a telephonically routinized course of conduct toward Plaintiff and members of the Class. The common issues arising from this repetitive conduct that affect Plaintiff and members of the Class predominate over any individual issues.

32. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue

are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

33. <u>Injunctive and Declaratory Relief is Appropriate</u>.  Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)

34. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

35. It is a violation of the TCPA to use a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine.

36. Defendant used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class, or others did so on its behalf.

37. These faxes were sent without regard to whether Defendant had first obtained express invitation or permission from the recipients to send such faxes. In fact, Defendant did not have prior express invitation or permission from Plaintiff or other members of the putative Class when its faxes were transmitted.

38. Defendant has, therefore, violated § 227(b)(1)(C) of the TCPA. In fact, Defendant knew or should have known that its conduct as alleged herein violated the TCPA, because Defendant knew that it did not have prior express invitation or permission to send fax advertisements to Plaintiff and the Class.

39. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation. Plaintiff and the class are also entitled to an injunction against future fax advertisements.

**WHEREFORE**, Plaintiff, on behalf of itself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Defendant from transmitting fax advertisements without the prior express invitation or permission of the recipient;

d. An award of statutory damages or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: September 4, 2019

           Respectfully submitted,

           */s/ Avi R. Kaufman*
           Avi R. Kaufman (Florida Bar No. 84382)
           KAUFMAN P.A.
           400 NW 26TH Street
           Miami, Florida 33127
           Tel: (305) 469-5881
           Email: kaufman@kaufmanpa.com

           *Counsel for Plaintiff and the putative Class*